IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC GONZALEZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TYSON FOODS, INC., TYSON FARMS, INC., TYSON FRESH MEATS, INC., TYSON PREPARED FOODS, INC., TYSON POULTRY, INC., TYSON DELI, INC., and THE HILLSHIRE BRANDS COMPANY, | § § § § § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Eric Gonzalez complaining of Defendants Tyson Foods, Inc., Tyson Farms, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Tyson Poultry, Inc., Tyson Deli, Inc., and The Hillshire Brands Company, and for cause of action would show the Court the following:

## I. PARTIES

1. Plaintiff Eric Gonzalez is an individual who resides in Fort Worth, Texas.

2. Defendant **Tyson Foods, Inc**. is a Delaware corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

3. Defendant **Tyson Farms, Inc.,** is a North Carolina corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for

service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

4. Defendant **Tyson Fresh Meats, Inc.** is a Delaware corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

5. Defendant **Tyson Prepared Foods, Inc.** is a Delaware corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

6. Defendant **Tyson Poultry, Inc.** is a Delaware corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

7. Defendant **Tyson Deli, Inc.** is a Delaware corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found.

8. Defendant **The Hillshire Brands Company** is a Maryland corporation doing business in the Northern District of Texas, and may be served with process through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever said agent may be found

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## II. JURISDICTION

10. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. § 1332(a)(1).

## III. VENUE

11. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Northern District of Texas. Venue in this judicial district is therefore proper pursuant to 28 U.S.C. § 1391.

## IV. FACTS

12. This lawsuit results from a serious workplace injury. At all relevant times hereto, Plaintiff was an employee of Tyson Foods, Inc., and/or Tyson Farms, Inc., and/or Tyson Fresh Meats, Inc., and/or Tyson Prepared Foods, Inc., and/or Tyson Poultry, Inc., and/or Tyson Deli, Inc., and/or The Hillshire Brands Company (hereinafter collectively "Tyson" or "Defendants").

13. Tyson is a Worker's Compensation Nonsubscriber under the laws of the State of Texas.

14. On or about November 8, 2020, in Tarrant County, Texas, Plaintiff was working at a plant owned and/or operated by Tyson.

15. The work Plaintiff was doing at this time required him to use sanitation equipment—including hazardous chemicals.

16. The sanitation equipment Tyson provided to Plaintiff did not have the proper safety mechanisms, mainly a shut-off valve.

17. The pressure buildup in the sanitation equipment and lack of a shut-off valve caused the hazardous chemicals to spew out the hose with such force that it knocked off Plaintiff's protective goggles and hard hat.

18. Plaintiff was struck in the eyes and face by the chemicals causing severe permanent injuries and damages to Plaintiff's eyes.

19. Tyson failed to train Plaintiff on what to do in the event he was to come into contact with hazardous chemicals.

20. Plaintiff could not see but believes another Tyson employee helped him to an emergency eye wash station.

21. Tyson's safety supervisor Ken Garcia was in the nurse's station with Plaintiff when they decided to get Plaintiff to the emergency room as Tyson did not have the ability to treat Plaintiff's severe injuries.

22. The medical professionals in the emergency room had to call the manufacturer of the chemicals to try and figure out how to provide Plaintiff emergency medical treatment.

23. Tyson sent its plant manager, who upon information and belief was named Nay Marie, to Plaintiff's house to check on him.

24. Ms. Marie, acting within the course and scope of her employment with Tyson, admitted to Plaintiff that the sanitation equipment should have had a shut off valve, that Plaintiff

should have been trained on how to use the nonexistent shut off valve, and that Tyson needed to get this issue fixed immediately.

## V. CAUSES OF ACTION

### A. Negligence

25. Under Texas law, an employer owes its employees the following non-delegable duties (among others):

- The duty to furnish reasonably safe instrumentalities with which its servants are to work;
- The duty to furnish its servants with a reasonably safe place to work;
- The duty to exercise ordinary care to select careful and competent fellow servants or co-employees.

26. Tyson, through its agents, servants, and/or employees, breached these duties by at least the following ways:

a. Failing to provide Plaintiff with safe sanitation equipment, which was a necessary instrumentality for him to perform his job on the date of the incident;

b. Failing to provide and maintain a reasonably safe workplace for Plaintiff;

c. Failing to train employees to perform inherently dangerous and hazardous tasks, such as operating the sanitation equipment, including the hazardous chemicals;

d. Failing to install, maintain, and use methods, processes, devices, and safeguards that were reasonably necessary to protect the life, health, and safety of Plaintiff while performing his job;

e. Failing to provide employees with adequate safety instructions and/or safety meetings;

f. Failing to post safety rules and regulations so as to be reasonably conspicuous to Plaintiff;

g. Stressing productivity over safety;

    h. Failing to inspect and properly maintain its sanitation equipment, specifically the hose, nozzle, and handle used by Plaintiff, so that Plaintiff could perform his work without danger of being injured;

    i. Providing Plaintiff with defective instrumentalities required to do his job;

    j. Failure of the design, inspection, and maintenance of the sanitation method used by sanitation employees, including Plaintiff, at the direction of Tyson;

    k. Failing to protect Plaintiff from the danger posed by the instrumentalities used in his job, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe;

    l. Hiring the careless and/or incompetent employee(s) who directed Plaintiff to use the sanitation equipment, knowing that this posed unnecessary risks to Plaintiff, and without warning Plaintiff of those risks;

    m. Failing to hire competent fellow employees to work with Plaintiff;

    n. Failing to furnish reasonably safe instrumentalities with which its employees were to work;

    o. Failing to properly supervise its employees; and

    p. Failing to follow safety regulations, including without limitation OSHA regulations.

27. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of Plaintiff's injuries and damages.

**B.**     **Premises Liability**

28. At the time of the incident, Tyson was in possession of and had actual control over the premises and the instrumentalities utilized by Plaintiff as required for the work he was doing when the incident occurred.

29. Tyson's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Tyson to Plaintiff.

30. Plaintiff was an invitee on the premises at issue as he entered the premises with permission and for the mutual benefit of both Plaintiff and Tyson.

31. The condition of the premises in the location where Plaintiff was injured posed an unreasonable risk of harm to Plaintiff given his lack of training and experience.

32. Tyson allowed workers to perform their jobs who were unskilled and untrained. Plaintiff was not sufficiently trained or skilled.

33. The condition posed an unreasonable risk of harm; and Tyson knew or reasonably should have known of the danger.

34. Upon information and belief, Tyson had actual knowledge or reasonably should have known of the dangerous condition that injured Plaintiff. Tyson had a duty to exercise ordinary care with respect to Plaintiff. As such, Tyson had a duty to inspect and make safe any dangerous condition or give adequate warning to Plaintiff.

35. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of Plaintiff's injuries and damages.

## VI.  GROSS NEGLIGENCE

36. Upon information and belief, Tyson, through the acts or omissions of those in the capacity of vice-principal, were grossly negligent in at least the following ways:

   a. Knowingly failing to ensure the proper inspection, maintenance and/or repair of the subject sanitation equipment;
   b. Knowingly failing to provide any warnings or failing to provide adequate warnings for the employees—including Plaintiff—performing sanitation services for Tyson so as to ensure a safe work environment;
   c. Knowingly hiring an unfit agent to act as complex safety director for Tyson's Haltom City plant. Such agent was inadequately trained and without the proper knowledge to oversee and implement the necessary safety measures to properly

        inspect, maintain, and/or repair the subject sanitation equipment and to adequately warn and ensure a safe working environment;

    d. Knowingly authorizing the doing and manner of the acts and omissions in question;

    e. Knowingly employing personnel in managerial positions who were acting within the course and scope of their employment at the time the negligent acts and/or omissions occurred and failed to stop or prevent such acts and/or omissions; and/or

    f. Through Tyson's officers, managers, supervisors, or higher-level employees, ratifying or approving the negligent acts and/or omissions in question.

37. Each of the above acts or omissions, when viewed objectively from Tyson's standpoint at the time of the acts or omissions described, involved an extreme degree of risk, considering the probability and magnitude of harm to others, including Plaintiff, and Tyson had actual subjective awareness of the risks involved but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.

## VII. **NONSUBSCRIBER**

38. If an employer is a nonsubscriber to Texas Worker's Compensation, it is barred from asserting traditional common-law defenses available to defendants in a negligence cause of action, including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee. TEX. LAB. CODE ANN. § 406.033(a),(b); *Lawrence v. CDB Services, Inc.*, 44 S.W.3d 544, 551-52 (Tex. 2001); *The Kroger Co. v. Keng*, 23 S.W.3d 347, 349-52 (Tex.2000).

39. Accordingly, a non-subscribing employer bears a substantial risk because assignment of any negligence to the employer results in 100% liability. *See Kroger*, 23 S.W.3d at 51.

40. Plaintiff will show that Tyson was a nonsubscriber to Texas Worker's Compensation at the time of the incident described herein.

## VIII.  DAMAGES

41. As a proximate result of the incident made the basis of this lawsuit, Plaintiff suffered bodily injuries to his eyes and face generally.

42. Some of the injuries are, in reasonable probability, permanent in nature.

43. Plaintiff has been physically impaired in the past, and will, in reasonable probability, be physically impaired in the future.

44. Plaintiff was caused to incur reasonable and necessary medical treatment and expenses in the past.

45. Plaintiff will, in reasonable probability, continue to incur reasonable and necessary medical treatment and expenses in the future.

46. Plaintiff has suffered physical pain in the past.

47. Plaintiff will, in reasonable probability, continue to suffer physical pain in the future.

48. Plaintiff has suffered mental anguish in the past.

49. Plaintiff will, in reasonable probability, continue to suffer mental anguish in the future.

50. Plaintiff has suffered disfigurement in the past.

51. Plaintiff will, in reasonable probability, continue to suffer disfigurement in the future.

52. Plaintiff has suffered a loss of earning capacity in the past.

53. Plaintiff will, in reasonable probability, continue to suffer a loss of earning capacity in the future.

54. Based upon the injuries and damages sustained by Plaintiff, as well as his knowledge of the continuing effect of those injuries to date, Plaintiff seeks damages more than the minimum jurisdictional limits of this Court, for which he now sues.

## IX.  JURY DEMAND

55. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

For these reasons, Plaintiff Eric Gonzalez respectfully requests that the Court issue citation for Defendants Tyson Foods, Inc., Tyson Farms, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Tyson Poultry, Inc., Tyson Deli, Inc., and The Hillshire Brands Company to appear and answer, and:

a. Judgment against Defendants for all damages in a sum more than the minimum jurisdictional limits of the Court;

b. Pre-judgment and post-judgment interest as provided by law;

c. Costs of suit; and

d. Such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

PATTERSON LAW GROUP

/s/ W. Travis Patterson
W. Travis Patterson
State Bar No. 24080095
Tennessee W. Walker
State Bar No. 24066253
Kolter R. Jennings
State Bar No. 24094048
Gregory J. McCarthy

State Bar No. 13367500

PATTERSON LAW GROUP
2409 Forest Park Blvd.
Fort Worth, Texas 76110
817.784.2000 – phone/fax
legal@pattersonpersonalinjury.com
ATTORNEYS FOR PLAINTIFF